UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**IVAN VILLEGAS,**

   Movant,

v.                                           No. 4:23-cv-0590-P
                                                  (No. 4:21-cr-0087-P)

**UNITED STATES OF AMERICA,**

   Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Ivan Villegas, Movant, pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, including the record in the underlying criminal case, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On April 14, 2021, Movant was named in a two-count indictment charging him in count one with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and in count two with possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). CR ECF No. 11. Movant entered a plea of not guilty. CR ECF No. 15. Thereafter, Movant was named in a one-count superseding information charging him with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). CR ECF No. 16. Movant and his counsel signed a waiver of indictment, CR ECF No. 21, a plea agreement with waiver of right to appeal, CR ECF No. 22, and a factual resume. CR ECF No. 23. Movant's plea

agreement reflected that he understood the nature and elements of the offense to which he was pleading guilty and agreed that the factual resume he signed was true and would be submitted as evidence; that he faced a sentence of at least five years and not more than forty years; that the sentence was wholly within the Court's discretion, that no one could predict the outcome of the Court's consideration of the guidelines, and that Movant would not be allowed to withdraw his plea if his sentence was higher than expected; that the plea was made voluntarily and freely and was not the result of force, threats, or promises; that Movant waived his right to appeal and to contest his conviction and sentence in collateral proceedings except in limited circumstances; and, Movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was satisfied with counsel's representation. CR ECF 22. Movant's factual resume set forth the offense charged by the superseding information, the penalties Movant faced, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 23.

On May 12, 2021, Movant appeared before the Court to enter his plea of guilty to the superseding information. CR ECF No. 45. Movant testified under oath that: He had received and read the superseding information and fully understood the nature of the charge and the essential elements and that he committed each one; he read, signed, and understood the plea agreement; he knowingly and voluntarily waived his right to appeal as set forth in the plea agreement; other than the plea agreement, no other promise or assurance of any kind was made to induce him to enter a plea of guilty; he understood that he faced a term of imprisonment of not less than five years or more than 40; he understood he could not withdraw his plea if his sentence was more severe than expected; that he was guilty; and he had read, signed, and fully understood his factual resume and the facts contained in it were true and correct. *Id.*

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. CR ECF No. 28, ¶ 22. He received two-level enhancements for possession of firearms, *id.* ¶ 23, importation, *id.* ¶ 24, and for maintaining a drug premises. *Id.* ¶ 25. He

received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 31, 32. Based on a total offense level of 41 and a criminal history category of I, Movant's guideline range was 324 to 405 months. *Id.* ¶ 65. Movant filed objections, CR ECF No. 30, and the probation officer prepared an addendum to the PSR, noting that the objection did not affect the guideline calculation. CR ECF No. 32.

The Court sentenced Movant to a term of imprisonment of 275 months, a downward variance as explained at sentencing. CR ECF No. 39; CR ECF No. 44. Movant filed a notice of appeal, despite having waived the right to do so. CR ECF No. 41. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit concurred that the appeal presented no nonfrivolous issue for appellate review and dismissed it. CR ECF No. 47.

## GROUNDS OF THE MOTION

Movant sets forth two grounds in his motion, ECF No. 1 at 7, although an additional ground appears to be contained in his supporting memorandum. ECF No. 2-1. The Court understands Movant to urge that: (1) The government relied on perjured testimony, rendering his plea involuntary. *Id.* at 12–19. (2) His sentence violates the Due Process clause. *Id.* at 29–33. And, (3) Movant received ineffective assistance of counsel. *Id.* at 19–29, 33–42.

## APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

3

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, Movant argues that prosecutorial misconduct rendered his plea invalid. ECF No. 1 at 7; ECF No. 2-1 at 12–19. His particular concern is that DEA agents falsely identified him as a person known to them as "Dandy." As best the Court can tell, everything about which Movant complains occurred prior to entry of Movant's plea. Yet he did not raise this ground on direct appeal. (It was waived in any event pursuant to the plea agreement.) He has not shown that he is entitled to pursue it here. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000) (movant must show cause and prejudice to pursue an issue that was not raised on direct appeal); *Shaid*, 937 F.2d at 232 (same). Even had the ground not been defaulted, Movant could not prevail. To demonstrate a violation under *Napue v. Illinois*, 360 U.S. 264 (1959), Movant must show that (1) the particular testimony was false, (2) the government knew it was false, and (3) the testimony was material. *United States v. Stanford*, 823 F.3d 814, 838–39 (5th Cir. 2016); *Reed v. Quarterman*, 504 F.3d 465, 473 (5th Cir. 2007). Movant offers nothing more than his own statements to attempt to show that the testimony was false and that the government knew it was false. But, even if he could demonstrate the first and second elements, he simply has not shown that the testimony was in any way material. Movant pled guilty and was held responsible only for his own conduct. He testified under oath that he was pleading guilty because he was guilty. He had possession of the drugs for which he was held accountable. He also had possession of firearms along with the drugs found at his apartment. The name by which he was known is irrelevant.

Referring to *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Movant alleges that his sentence violates Due Process because it was based on facts not presented to a jury. ECF No. 2-1 at 29–33. Again, Movant waived the right to pursue this ground on appeal. CR ECF 22. The ground is also procedurally defaulted and Movant has not demonstrated cause and prejudice or actual innocence. *United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022). And, in any event, neither *Alleyne* nor *Apprendi* applies to application of the sentencing guidelines; rather, the Court

5

determines the guideline range based on facts found by a preponderance of evidence. *United States v. Leontaritis*, 977 F.3d 447, 451 (5th Cir. 2020). Because the claim would have been meritless, counsel could not have been ineffective in failing to raise it on appeal, if that is Movant's contention. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Most of the remainder of Movant's allegations revolve around alleged ineffective assistance of counsel, which he alleges resulted in his entry of a plea that was not knowing, voluntary, or intelligent. ECF No. 2-2 at 19–29, 33–41. First, he complains that counsel failed to "undertake a complete investigation" of matters such as the false allegation that Movant was "Dandy." One who alleges failure to investigate must allege with specificity what the investigation would have revealed and now it would have altered the outcome of the case. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Here, Movant just generally complains that counsel failed to prepare a defense, "to prepare in advance how to counter damaging testimony introduced by the prosecution," ECF No. 2-1 at 22, and to "effectively investigate." *Id*. Even assuming a failure to investigate, and there is no reason to believe that was the case, Movant has not shown how any investigation would have altered the outcome of the case. The record reflects that Movant reached a plea agreement early in the case. Obviously, counsel persuaded the government to proceed with a superseding information rather than the two-count indictment and Movant benefitted greatly as a result.

Next, Movant alleges that his plea was not knowing, intelligent, or voluntary because counsel promised him that he would receive a sentence of not more than five years. ECF No. 2-1 at 23. To prevail on this ground, Movant must prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). More than mere contradiction of his testimony in court is required. *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). Typically, the necessary proof is supplied by affidavits of reliable third parties. *Id.*; *Cervantes*, 132 F.3d

at 1110. Here, Movant does not identify any eyewitnesses or present any independent evidence.

Any allegation that Movant's plea was not knowing and voluntary is belied by the record. Movant testified under oath that he committed each of the elements of the offense and that he was, in fact, guilty. Further, he testified that no one made any promises or threats or otherwise coerced him to plead guilty. And, he understood that his sentence would be no less than five years or more than forty years. Movant's solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His factual resume and plea agreement are likewise entitled to that presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of his contentions that are at variance with the statements he made, or answers he gave, while under oath at the arraignment hearing on the superseding information.

Even if Movant could show that his counsel's conduct fell below an objective standard of professional reasonableness, and he cannot, he has not shown that he was prejudiced as a result. In a case like this one, where Movant entered a guilty plea, he must show that there is a reasonable probability that, but for counsel's errors, he would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In hindsight, Movant argues that he would not have entered a plea of guilty and would have gone to trial. But "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 582 U.S. 357, 369 (2017). Instead, courts look to contemporaneous evidence to substantiate a defendant's expressed preferences. *Id.*; *United States v. Valdez*, 973 F.3d 396, 402–03 (5th Cir. 2020). Here, Movant has presented nothing and the record does not reflect that he would have gone to trial. The transcript of the arraignment on the superseding information clearly reflects that the plea was knowing,

7

voluntary, and intelligent. At no time did Movant express any dissatisfaction with his attorney or move to have him withdrawn. The evidence against him was overwhelming. Drugs were recovered from his vehicle and from his home, where firearms were also located. He confessed to law enforcement immediately. He pled guilty within two months of his arrest. There is simply no reason to believe that he would have gone to trial.

Movant also complains that counsel failed to file various objections to the PSR. First, he alleges that counsel should have objected to the PSR's use of methamphetamine (actual) in calculating his drug quantity. ECF No. 2-1 at 33. His argument is based on the mistaken premise that the particular substance had to be identified in the indictment and a jury had to determine that the substance was methamphetamine (actual). Here, the probation officer correctly calculated the amount of the substance for which Movant was held responsible. *See* ECF No. 12 at 17–18. Movant's filed a sentencing memorandum noting the disparities in sentencing for different types of methamphetamine and arguing that Movant should receive a downward variance. CR ECF No. 34. The Court agreed. Rather that being harmed, Movant benefitted from counsel's actions.

Movant next argues that counsel should have objected to the firearms enhancement. ECF No. 2-1 at 34–35. As Movant admits, the guns were found in his apartment where additional drugs were found. The mere presence of a firearm can heighten the danger of drug trafficking. *United States v. Paulk*, 917 F.2d 879, 882 (5th Cir. 1990). Whether a gun is loaded or inoperable is not dispositive. *Id.* The firearms enhancement applies if weapons are present unless it is clearly improbable that they were connected with the offense. USSG § 2D1.1(b)(1), cmt. n. 11(A). The enhancement applies if a weapon is found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred. *United States v. Jacquinot*, 258 F.3d 423, 430 (5th Cir. 2001). Counsel cannot have been ineffective for failing to raise a meritless issue. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Movant argues that counsel was ineffective for failing to object to the importation enhancement. He offers only the conclusory argument that the records do not prove that he knew the drugs were imported. ECF No. 2-1 at 35. Application of the enhancement does not depend upon proof of actual knowledge. *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012). Again, counsel was not ineffective in failing to raise a frivolous issue. *Kimler*, 167 F.3d at 893.

Movant argues that counsel was ineffective for failing to challenge the drug premises enhancement. ECF No. 2-1 at 35–36. Any such objection would have been frivolous inasmuch as methamphetamine, liquid methamphetamine, and chemicals and containers used to convert liquid to crystal were found at Movant's apartment. CR ECF No. 28, ¶ 14.

Movant argues that counsel was ineffective for failing to argue for a minor-role reduction. ECF No. 2-1 at 37. As Movant admits, to be eligible for such a reduction, he must show that his conduct was less culpable than most other participants. *Id.* Here, there were no other participants charged in the offense. Movant identifies only two other persons involved. Further, Movant was responsible for 7.2 kilograms of methamphetamine and had possession of chemicals and containers used to convert liquid to crystal. These facts do not support the contention that he was a minor participant in any event. Any claim to a minor-role adjustment would have been frivolous.

Movant argues that counsel was ineffective in failing to seek application of the safety-valve provision. ECF No. 2-1 at 38–41. For the reasons previously discussed, the firearms enhancement was properly applied. Movant did not qualify for the safety-valve.

In addition, Movant complains that counsel was ineffective for failing to comply with Movant's instruction to file a motion to withdraw his guilty plea after he was sentenced. ECF No. 2-1 at 37. The allegation is conclusory and does not assert a constitutional claim. *Miller*, 200 F.3d at 282. In any event, Movant did not have a right to withdraw the plea, as he acknowledged at arraignment. CR ECF No. 45. Withdrawal of a plea rests within the court's sound discretion. *United States v. Clark*,

9

931 F.2d 292, 294 (5th Cir. 1991); *United States v. Daniel*, 866 F.2d 749, 751 (5th Cir. 1989). Among the factors to be considered in considering a motion to withdraw a plea are whether: the defendant has asserted his innocence, the government would suffer prejudice, the defendant has delayed in filing his motion, the withdrawal would substantially inconvenience the court, the close assistance of counsel was present, the original plea was knowing and voluntary, and the withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984). No factor is dispositive and the defendant bears the burden of establishing a "fair and just reason." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001). Movant does not even discuss these factors.

Finally, Movant complains that his appellate counsel provided ineffective assistance. ECF No. 2-1 at 41–42. For the reasons previously discussed, Movant has not shown that he had any meritorious issue to present on appeal. Moreover, Movant had waived the right to appeal and has made no attempt to show that the waiver was invalid. CR ECF No. 22. Nor has he shown that anything his appellate counsel did or failed to do entitles him to any relief.

## CONCLUSION

For the reasons discussed, Movant's motion under Section 2255 is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **12th day** of **January 2024.**

_____
**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

10